John A. C. Keith (Bar ID: 222869)
William B. Porter (Bar ID: VA41798)
Ian J. McElhaney (VSB No. 94888)
*Pro Hac Vice Application to be submitted*
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Telephone: (703) 691-1235
Facsimile: (703) 691-3913
jkeith@bklawva.com
wporter@bklawva.com
imcelhaney@bklawva.com
*Counsel for Jeffery Houle*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-00101-ELG |
| 819D, LLC, | ) | |
| Debtor. | ) | Chapter 11 |

| | | |
|---|---|---|
| KARL GARCIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE RUBIN GROUP, *et al.*, | ) | Adv. Pro. No. 22-10009-ELG |
| Defendants. | ) | Hearing Date: October 12, 2022 |

## JEFFREY HOULE'S NOTICE OF RE-FILING MOTION TO DISMISS

COMES NOW Jeffrey Houle ("Mr. Houle"), by counsel, and, at the request of the Court, re-files his Motion to Dismiss and accompanying Memorandum in Support. (Exs. A, B.) The Motion to Dismiss and accompanying Memorandum in Support were timely filed on June 29, 2022, in the United States District Court for the Eastern District of Virginia, Case No. 1:22-cv-

00698, which case was transferred to the United States District Court for the District of Columbia as Case No. 1:22-cv-02199-DLF, and thereafter referred to this Court on July 28, 2022.

                                                  Respectfully submitted,

                                                  JEFFREY HOULE
                                                  By Counsel

Date: September 22, 2022

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)


By:    /s/ John A.C. Keith
       John A. C. Keith (Bar Id: 222869)
        jkeith@bklawva.com
       William B. Porter (Bar Id: VA41798)
        wporter@bklawva.com
       Ian J. McElhaney, VSB No. 94888
        imcelhaney@bklawva.com
       (*Pro Hac Vice* Application to be submitted)
       *Counsel for Defendant Jeffrey Houle*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Marc E. Albert, Esquire
Tracey M. Ohm, Esquire
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
  marc.albert@stinson.com
  tracey.ohm@stinson.com

Bethany R. Benes, Esquire
BETHUNE BENES, PLC
3975 Fair Ridge Drive
South Terrace Suite 25C
Fairfax, Virginia 22033
  bbenes@bethunebenes.com
*Counsel for Karl Garcia*

Stephen E. Leach, Esquire
Kristen Elizabeth Burgers, Esquire
HIRSCHLER FLEISCHER PC
8270 Greensboro Drive, Suite 700
Tysons, VA 22102
  sleach@hirschlerlaw.com
  kburgers@hirschlerlaw.com
*Counsel for Debtor in Possession 819D LLC*

Kristen S. Eustis, U.S. Trustee
Sara Kathryn Mayson, Esquire
OFFICE OF THE UNITED STATES TRUSTEE
1725 Duke Street, Suite 650
Alexandria, VA 22314
  Kristen.S.Eustis@usdoj.gov
  Sara.kathryn.mayson@usdoj.gov
*U.S. Trustee for Region Four*

Douglas E. McKinley, Esquire
LAW OFFICE OF DOUGLAS E. MCKINLEY
Post Office Box 7395
Alexandria, Virginia 22307
  demckinley@verizon.net
*Counsel for Thomas D. Madison*

Laurin H. Mills, Esquire
SAMEK WERTHER MILLS LLC
2000 Duke Street, Suite 300
Alexandria, Virginia 22314
  laurin@samek-law.com
*Counsel for Michelle Tygier,*
*The Rubin Group, LLC, 819 Capital LLC,*
*K Street Holdings LLC, TR Holdings LLC,*
*2233-40th Partners LLC, South Glebe LLC,*
*Woodmore LLC, TRG Development LLC,*
*638 Newton Partners LLC, and Robert Rubin*

Christopher A. Glaser, Esquire
JACKSON & CAMPBELL, PC
2300 N Street, N.W., Suite 300
Washington, D.C. 20037
  cglaser@jackscamp.com
*Counsel for Andrew Rubin and Canal View Holdings, LLC*

Alexander M. Laughlin, Esquire
ODIN FELDMAN PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
  Alex.Laughlin@ofplaw.com
*Counsel for Gregory Auger, II, Gregory Auger, and Regua LLC*

And I hereby certify that I will mail the document by U.S. mail on September 22, 2022, to the following non-filing users:

| | |
|---|---|
| Milt N. Theologou, Esquire<br>Silverman Theologou, LLP<br>11200 Rockville Pike, Suite 520<br>N. Bethesda, Maryland 20852<br>mtheologou@silvermanlegal.com<br>*Counsel for Defendant Liliana Economakis* | Christos Economakis<br>5058 Joewood Drive<br>Sanibel, Florida 33957<br>*Defendant* |

    /s/ John A.C. Keith
John A. C. Keith (Bar Id: 222869)
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913
jkeith@bklawva.com
*Counsel for Defendant Jeffrey Houle*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| KARL GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00698 |
| ) | (LMB/JFA) |
| THE RUBIN GROUP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JEFFREY HOULE'S MOTION TO DISMISS

COMES NOW Defendant Jeffrey Houle ("Mr. Houle"), by counsel, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss the Third Amended Complaint ("TAC") filed against him by Karl Garcia on the ground that the entire Third Amended Complaint fails to state any claims upon which relief may be granted. In support of his motion, Mr. Houle incorporates by reference his Memorandum in Support of Motion to Dismiss.

WHEREFORE, Mr. Houle respectfully requests that this Court dismiss the Third Amended Complaint filed against him with prejudice, and award him any such further relief as this Court deems appropriate.

    Respectfully submitted,

    JEFFREY HOULE
    By Counsel

Date: June 29, 2022

Blankingship & Keith, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)

By:     /s/ John A. C. Keith
      John A. C. Keith, VSB No. 14116
       jkeith@bklawva.com
      Ian J. McElhaney, VSB No. 94888
       imcelhaney@bklawva.com
      *Counsel for Defendant Jeffrey Houle*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of June 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Bethany R. Benes, Esquire
Bethune Benes, PLC
3975 Fair Ridge Drive
South Terrace Suite 25C
Fairfax, Virginia 22033
  bbenes@bethunebenes.com
*Counsel for Plaintiff Karl Garcia*

Mark D. Crawford, Esquire
Law Offices of Mark D. Crawford, PLLC
1005 North Glebe Road, Suite 210
Arlington, Virginia 22201
  mcrawford@mdc-law.com
*Counsel for Defendant 819D LLC*

Christopher A. Glaser, Esquire
Jackson & Campbell, PC
2300 N Street, N.W., Suite 300
Washington, D.C. 20037
  cglaser@jackscamp.com
*Counsel for Defendants Andrew Rubin and Canal View Holdings, LLC*

Laurin H. Mills, Esquire
Mansitan M. Sow, Esquire
Samek Werther Mills LLC
2000 Duke Street, Suite 300
Alexandria, Virginia 22314
  laurin@samek-law.com
  mansitan@samek-law.com
*Counsel for Defendants Michelle Tygier, The Rubin Group, LLC, 819 Capital LLC, K Street Holdings LLC, TR Holdings LLC, 2233-40th Partners LLC, South Glebe LLC, Woodmore LLC, TRG Development LLC, 638 Newton Partners LLC and Robert Rubin*

Douglas E. McKinley, Esquire
LAW OFFICE OF DOUGLAS E. MCKINLEY
Post Office Box 7395
Alexandria, Virginia 22307
　demckinley@verizon.net
*Counsel for Defendant Thomas D. Madison*

Alexander M. Laughlin, Esquire
James P. Miller, Esquire
ODIN FELDMAN PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
　Alex.Laughlin@ofplaw.com
　Jim.Miller@ofplaw.com
*Counsel for Defendants Gregory Auger, II and Gregory Auger, III*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Milt N. Theologou, Esquire
SILVERMAN THEOLOGOU, LLP
11200 Rockville Pike, Suite 520
N. Bethesda, Maryland 20852
　mtheologou@silvermanlegal.com
*Counsel for Defendant Liliana Economakis*

Christos Economakis
5058 Joewood Drive
Sanibel, Florida 33957
*Defendant*

　　　/s/ John A. C. Keith
John A. C. Keith, Esq.
Virginia State Bar No. 14116
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913
jkeith@bklawva.com
*Counsel for Defendant Jeffrey Houle*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| KARL GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00698 |
| ) | (LMB/JFA) |
| THE RUBIN GROUP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### JEFFREY HOULE'S
### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Jeffrey Houle ("**Houle**"), by counsel, and presents this memorandum in Support of his Motion to Dismiss Karl Garcia's ("**Mr. Garcia**") Third Amended Complaint ("TAC") filed herewith:

### Introduction

This case arises from the sale of a District of Columbia condominium developed by defendant 819D LLC ("**819D**") and sold to Mr. Garcia. In the action before this Court, Mr. Garcia alleges two causes of action against all defendants (who are lumped together in the TAC as if they are all similarly situated – they are not): (1) Fraudulent Conveyance pursuant to Va. Code § 55.1-400 (Count I); and, (2) Voluntary Conveyance pursuant to Va. Code § 55.1-401, each purportedly in regard to transfers which purportedly originated from the developer, 819D, following Mr. Garcia's purchase of a condo unit. Unlike most of the other defendants, Houle was a passive investor who was paid out by defendant 819 Capital according to the investment instrument. For the reasons set forth herein, these claims cannot stand against Houle and this action should be dismissed.

**I.     Mr. Garcia has Failed to Adequately Plead Notice of his Alleged Claims to Houle**

Nowhere in the TAC has Garcia specifically pleaded that Houle was given notice of Garcia's alleged claims. Instead, in Count I, the conclusory allegation is that "[a]s early as April, 2017, Defendants had adequate and actual notice of Mr. Garcia's claims against Defendants The Rubin Group, 819D, A. Rubin, and Tygier." TAC, ¶237. Likewise, in Count II, the exact same allegation is made in paragraph 245. Scanning the preceding 235 paragraphs, nowhere is there any hint, much less any specific allegation that *Houle* had notice, or let alone even knew who Karl Garcia was. In fact, the logical inference from the four (4) times that Houle's name appears in the 235 paragraphs of factual background is that he had no way of knowing about Garcia. He is mentioned only in connection with jurisdiction (he is a Virginia resident) and with the 3 payments he is alleged to have received from 819 Capital after April of 2017. (ECF Doc. 1-1, TAC ¶¶ 23, 49(i), 51(i), 68(i).)

Counts I and II clearly qualify as "shotgun pleadings" and as such they fail to notify each defendant of the actions that led to their joinder in the litigation. *Home Design Servs., Inc. v. David Weekley Homes, LLC*, No. 2:06-CV-350FTM29DNF, 2007 WL 1080001, at *3 (M.D. Fla. Apr. 9, 2007) ("The First Amended Complaint makes no distinction between the conduct of the thirteen defendants."); FRCP 8(a). In addition, in that Count I alleges a fraud claim, it must be pleaded with specificity to comply with FRCP 9(b). *See All. Tech. Grp., LLC v. Achieve 1, LLC*, No. 3:12CV701-HEH, 2013 WL 143500, at *3 (E.D. Va. Jan. 11, 2013); *Dolan v. PHL Variable Ins. Co.*, No. CV 3:15-CV-01987, 2016 WL 6879622, at *6 (M.D. Pa. Nov. 22, 2016) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.").

Counts I and II are not pleaded in such a way as to show *Houle* that Mr. Garcia is entitled to relief and thus both counts violate Rule 8(a)(2) and should be dismissed. Count I furthermore sounds in fraud and the circumstances constituting fraud must be pleaded with particularity. FRCP 9(b). There is a complete lack of particularity in the sparse allegations concerning Houle and thus Count I must be dismissed.

II. **Mr. Garcia Lacks Standing for Much of his Alleged Claims.**

Mr. Garcia lacks standing to pursue much of his alleged claims as they relate to common elements and/or limited common elements of the condominium. In both the District of Columbia and the Commonwealth of Virginia, only condominium associations have standing to assert claims relating to the common elements or the limited common elements of a condominium. Va. Code § 55.1-1915; D.C. Code § 42-1902.09. "[S]tanding to institute claims or actions concerning common elements, including limited common elements, is restricted to condominium unit owners' associations." *Kuznicki v. Mason*, 273 Va. 166, 176 (2007) (individual unit owner lacks standing to assert claim regarding limited common element); *Malone v. Saxony Co-op. Apartments, Inc.*, 763 A.2d 725, 726 n.1 (D.C. 2000) (Unit owner's "claim is for injuries sustained to the cooperative, and such a claim can only be brought in the form of an indirect derivative suit on behalf on the cooperative.").

Mr. Garcia has no standing to assert claims relating to either common elements or limited common elements of the condominium. Any purported notification of claims made by Mr. Garcia must be considered only to the extent that they relate to claims which may be asserted by Garcia. Each claim by Mr. Garcia relating to common elements and/or limited common elements of the condominium should be dismissed.

### III. Mr. Garcia Fails to Allege that 819D LLC was Insolvent on any Relevant Date.

Mr. Garcia alleges insolvency of 819D LLC—the only entity against which Mr. Garcia has an underlying claim arising from the purported condominium defects—and others in only two paragraphs. In Paragraph 232 of the Third Amended Complaint, Mr. Garcia alleges,

> 232. The transfers referenced above left Defendant 819D, and alter-egos 819 Capital and The Rubin Group, insolvent. The transactions were conducted to remove the funds from potential collection and to hinder, delay, and/or defraud the creditors of 819D, 819 Capital, The Rubin Group, A. Rubin, and/or Tygier.

In Paragraph 248 of the Third Amended Complaint, Mr. Garcia alleges,

> 248. The Defendants' transfers from April 2017 to the present resulted in the insolvency of each of the Defendants. More specifically, Defendants 819D, The Rubin Group, A. Rubin, Tygier, and 819 Capital are each without adequate funds and/or assets to satisfy the anticipated judgment(s) of Mr. Garcia.

Contrary to Mr. Garcia's allegations, the relevant test for insolvency is not whether the entities presently have funds to satisfy an anticipated judgement but, instead, Mr. Garcia is required to allege, and then establish, that the amount of the entities' liabilities on the date of the purported transfers exceeded the amount of its assets on the same date. *Hudson v. Hudson*, 249 Va. 335, 341 (1995). Mr. Garcia alleges the incorrect standard and fails to allege that any entity which transferred funds to Houle, was insolvent on any relevant date. Mr. Garcia's claim of a violation of Va. Code § 55.1-401 alleging insolvency should be dismissed.

### IV. Mr. Garcia's Purported "Notification" to Houle is Inadequate as a Matter of Law.

The facts alleged in the TAC make it clear that all notices went to the developer, not to any passive investor like Houle. Punch lists, warranty claims and litigation hold letters were certainly communications directed to the developer, not to an investor, who is not alleged to ever have had any notice whatsoever of Garcia's beef.

4

It is also significant that the alleged payments to Houle were made on April 27 (TAC ¶ 49i); May 1 (TAC ¶ 51i) and August 1 (TAC ¶ 68i) of 2017.  Garcia did not settle on his condo unit until April 28, 2017, as alleged in paragraph 30 of the TAC and the earliest possible alleged notice to anyone other than punch list items was on March 24, 2018, months after Houle had received his last payment. TAC ¶37. Reading the allegations of the TAC in the light most favorable to plaintiff, there is simply no allegation of any notice to Houle before he was served with this action.

Furthermore, Mr. Garcia has no claim against Houle relating to any transfers from 819D, or subsequent transferees, as Mr. Garcia failed to give proper notice prior to the purported transfers from 819D.  *Luria v. Board of Directors of Westbriar Condominium Unit Owners Ass'n.*, 277 Va. 359, 366 (2009) (As punch list items did not provide sufficient notice to condominium developer of later-claimed structural defects, "[w]e hold that the notice required to create creditor status is actual notice of a specific potential statutory warranty claim").

In the fraudulent transfer context, the "key consideration in establishing creditor status is whether there was actual notice of a specific potential claim." *Luria*, 277 Va. at 366.  In *Luria*, the Supreme Court held that notification of a non-structural claim is insufficient to establish creditor status for purposes of demonstrating a fraudulent transfer as the,

> documents do not establish that [transferee] had actual notice of a specific potential statutory warranty claim because the problems noted were not characterized as structural defects 'which reduced the stability or safety of the structure below accepted standards or restricted the normal intended use of all or part of the structure.'

*Luria*, 277 Va. at 367 (quoting Va. Code § 55–79.79).

The purported notifications prior to the alleged transfers from 819D are not structural in nature and fail to provide notice as they "did not notify [defendant] of any defect that reduced 'stability' or 'safety' of the [condominium]." *Luria*, 277 Va. at 367.

5

Mr. Garcia was not a creditor at the time of any purported transfer from 819D. It is insufficient to contend, as Mr. Garcia does, that notification to 819D of minor punch list items somehow acts to prevent any future transfers by 819D or 819 Capital. The Supreme Court of Virginia has held that actual notice of claims beyond punch list items is required to accomplish the goals asserted by Mr. Garcia.

As Mr. Garcia failed to provide notice of his claims prior to any purported transfer, the Third Amended Complaint should be dismissed as against Houle.

WHEREFORE, Jeffrey Houle respectfully requests this Honorable Court grant his Motion to Dismiss and to dismiss this present action as to him, together with any further relief deemed just and proper.

Respectfully submitted,

JEFFREY HOULE
By Counsel

Date: June 29, 2022

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)


By:    /s/ John A. C. Keith
        John A. C. Keith, VSB No. 14116
          jkeith@bklawva.com
        Ian J. McElhaney, VSB No. 94888
          imcelhaney@bklawva.com
        *Counsel for Defendant Jeffrey Houle*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Bethany R. Benes, Esquire
BETHUNE BENES, PLC
3975 Fair Ridge Drive
South Terrace Suite 25C
Fairfax, Virginia 22033
  bbenes@bethunebenes.com
*Counsel for Plaintiff Karl Garcia*

Mark D. Crawford, Esquire
LAW OFFICES OF MARK D. CRAWFORD, PLLC
1005 North Glebe Road, Suite 210
Arlington, Virginia 22201
  mcrawford@mdc-law.com
*Counsel for Defendant 819D LLC*

Christopher A. Glaser, Esquire
JACKSON & CAMPBELL, PC
2300 N Street, N.W., Suite 300
Washington, D.C. 20037
  cglaser@jackscamp.com
*Counsel for Defendants Andrew Rubin and Canal View Holdings, LLC*

Laurin H. Mills, Esquire
Mansitan M. Sow, Esquire
SAMEK WERTHER MILLS LLC
2000 Duke Street, Suite 300
Alexandria, Virginia 22314
  laurin@samek-law.com
  mansitan@samek-law.com
*Counsel for Defendants Michelle Tygier, The Rubin Group, LLC, 819 Capital LLC, K Street Holdings LLC, TR Holdings LLC, 2233-40th Partners LLC, South Glebe LLC, Woodmore LLC, TRG Development LLC, 638 Newton Partners LLC and Robert Rubin*

Douglas E. McKinley, Esquire
LAW OFFICE OF DOUGLAS E. MCKINLEY
Post Office Box 7395
Alexandria, Virginia 22307
  demckinley@verizon.net
*Counsel for Defendant Thomas D. Madison*

Alexander M. Laughlin, Esquire
James P. Miller, Esquire
ODIN FELDMAN PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
  Alex.Laughlin@ofplaw.com
  Jim.Miller@ofplaw.com
*Counsel for Defendants Gregory Auger, II and Gregory Auger, III*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

| | |
|---|---|
| Milt N. Theologou, Esquire<br>SILVERMAN THEOLOGOU, LLP<br>11200 Rockville Pike, Suite 520<br>N. Bethesda, Maryland 20852<br>  mtheologou@silvermanlegal.com<br>*Counsel for Defendant Liliana Economakis* | Christos Economakis<br>5058 Joewood Drive<br>Sanibel, Florida 33957<br>*Defendant* |

               /s/ John A. C. Keith
              John A. C. Keith, Esq.
              Virginia State Bar No. 14116
              BLANKINGSHIP & KEITH, P.C.
              4020 University Drive, Suite 300
              Fairfax, Virginia 22030
              Phone: 703-691-1235
              Fax: 703-691-3913
              jkeith@bklawva.com
              *Counsel for Defendant Jeffrey Houle*