```
                         UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF COLUMBIA

 In Re:                            .  Case No. 22-00101
                                   .  Chapter 7
 819D LLC,                         .
                                   .  Washington, D.C.
           Debtor.                 .  May 10, 2023
 . . . . . . . . . . . . . . . .   .
 KARL GARCIA,                      .  Adv. Proc. 22-10009-elg
                                   .
           Plaintiff,              .
                                   .
 -against-                         .
                                   .
 RUBIN GROUP LLC, ET AL.,          .
                                   .
           Defendants.             .
 **************************        .

   (1) MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY ANDREW RUBIN
                     AND CANAL VIEW HOLDINGS LLC
   (2)  MOTION TO STAY ADVERSARY PROCEEDING OR CONFIRM AUTOMATIC
                   STAY APPLIES FILED BY BRYAN ROSS
                 BEFORE HONORABLE ELIZABETH L. GUNN
                   UNITED STATES BANKRUPTCY JUDGE

 APPEARANCES:   (All appearing via Zoom)

 For the Plaintiff:       Stinson LLP
                          By: TRACEY MICHELLE OHM, ESQ.
                             MARC E. ALBERT, ESQ.
                          1775 Pennsylvania Avenue NW
                          Suite 800
                          Washington, District Of Columbia
                          20006

 For Bryan S. Ross,       McNamee Hosea, P.A.
 Chapter 7 Trustee:       By: JUSTIN P. FASANO, ESQ.
                          6404 Ivy Lane
                          Suite 820
                          Greenbelt, Maryland 20770

 For Andrew Rubin and     The VerStandig Law Firm, LLC
 Canal View Holdings LLC: By: MAURICE  "MAC" VERSTANDIG , ESQ.
                          1452 W. Horizon Ridge Parkway
                          Suite 665
                          Henderson, Nevada 89012
```



```
 1   For Gregory Auger, II     Odin, Feldman & Pittleman, P.C.
     and Gregory Auger, III:   By: ALEXANDER MCDONALD LAUGHLIN, ESQ.
 2                             1775 Wiehle Avenue
                               Suite 400
 3                             Reston, Virginia 20190

 4   For Michelle Tygier,      Rogan Miller Zimmerman, PLLC
     Robert Rubin, The Rubin   By: CHRISTOPHER L. ROGAN, ESQ.
 5   Group LLC, TR Holdings    50 Catoctin Circle
     LLC, 2233-40th Partners   Suite 300
 6   LLC, South Glebe LLC,     Leesburg, Virginia 20176
     638 Newton Partners LLC,
 7   and K Street Holdings
     LLC:
 8                             Samek, Werther & Mills, LLC
                               By: LAURIN H. MILLS, ESQ.
 9                             2000 Tower Oaks Boulevard
                               Rockville, Maryland 20852
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording.
25   Transcript produced by transcription service.
```



Colloquy

1   this bankruptcy case, which is a different procedural setup
2   than a new case.
3             MR. FASANO:  So then what that essentially says is
4   that removal is a substitute for obtaining relief from the
5   stay, that removal will get any sort of creditor around having
6   to prove lack of adequate protection under 362(d)(1), or it
7   gets them around having to prove cause under -- just remove it
8   to this Court, and we'll go forward with it.  I mean, let's
9   look at the big picture here.  This is what I would call a
10  catch and kill bankruptcy.
11            THE COURT:  I'm sorry.
12            MR. FASANO:  They had a fraudulent conveyance --
13            THE COURT:  I just didn't hear what you said.  It's
14  what you call a what?
15            MR. FASANO:  A catch and kill -- catch and kill.  They
16  have a fraudulent conveyance action that was brought by a
17  creditor, right?  And they bring it into this Court by removal.
18  The trustee has no funding to pursue it, because the Debtor has
19  no assets, hasn't done business in five years, right?  So how
20  are we going to pursue -- how are we going to hire experts to
21  pursue this cause of action?  And they want us to kill it.
22  They want us to settle it on the cheap, right?
23            And I don't think it's appropriate to be part of that
24  process.  I don't think that they should get to remove it to
25  this Court, substitute in a new Plaintiff who they purposely

Colloquy

1  underfunded.  There's nothing here to give us -- that we

2  would -- if we were to pursue this cause of action, we would

3  have to hire expert witnesses to prove not only insolvency,

4  perhaps, but we would also have to prove Karl Garcia's

5  underlying claim, right?

6       We would have to prove -- because in order to prove

7  that -- this fraudulent conveyance is over five years old.

8  It's more than five years.  So me and Bryan, right, we have to

9  prove not only all the things that have to be proved for a

10 normal 548 fraudulent conveyance action, we have to prove that

11 Karl Garcia was sold a deficient condo.  Okay.  We have to

12 prove that Karl Garcia provided the appropriate notice so that

13 they were on board.  We have to prove Karl Garcia's attorney's

14 fees pre-petition, right?  This is all stuff that the trustee

15 is not in the best position to pursue.

16       THE COURT:  Well, I mean --

17       MR. FASANO:  This is something --

18       THE COURT:  -- we'll look at a sale motion when we get

19 there, Mr. Fasano.  But none of that still goes to the point as

20 to whether the automatic stay applies to an adversary

21 proceeding pending in my court.

22       MR. FASANO:  And I would assert that it does, and I

23 believe the advisory committee notes in 9027 assert that it

24 does.  I would assert that the case law in the District of

25 Columbia asserts that it does.  I mean, that's a federal



www.escribers.net | 800-257-0885

Colloquy

1           But this is the one where they're trying -- where the
2     kill portion of the catch and kill is trying to be pursued.
3     And they're saying, oh, now it's not stayed.  And it's not
4     every defendant, right?  It's just two of the defendants are
5     moving for summary judgment.  The rest of them have sort of
6     been assuming -- or at least not taking the risk that the stay
7     applies.  And Karl Garcia has been not taking the risk that the
8     stay applies, right?
9           So I think, if we're truly going to honor this rule of
10    law that trustee gets first crack, the trustee should have
11    first crack.  This case should be deemed stayed.  We should
12    have the choice to try to sell it.  And we should have the
13    choice to pursue it if we want as a separate adversary
14    proceeding.
15          Or, in the least clean option, I guess we could move
16    to intervene in this case, be subject to all the prior rulings
17    that Mr. Garcia was subject to, and that all the Defendants
18    were subject to, but that doesn't seem like the cleanest way to
19    pursue this cause of action.  The cleanest way would be --
20          THE COURT:  Well, nothing's clean about this kind of
21    action, Mr. Fasano.  That's the one thing I've figured out
22    about this case.
23          MR. FASANO:  Correct, Your Honor.  It's incredibly
24    complex.  And Mr. Garcia has all of the facts that are
25    necessary to pursue it.  He's got the funding.  They don't want



Colloquy

1  to deal with the well-funded Plaintiff; they want to deal with

2  poor Bryan and me stuck in the middle of this.  And that's, in

3  my opinion, inappropriate.

4  THE COURT:  All right.  Thank you.

5  I think Ms. Ohm's argument is -- she's filed a joinder

6  to your motion, so I'm going to have Ms. Ohm go next, if that's

7  agreeable, or whomever is arguing on behalf of Mr. Garcia.  And

8  then we'll take up the oppositions thereafter.

9  MS. OHM:  Thank you, Your Honor.  We would argue in

10 favor of a stay in this case because, as the discussions this

11 morning have shown, allowing motions for summary judgment to go

12 forward put Mr. Garcia in the position that he can't prosecute

13 the case because the trustee gets first crack at these actions

14 and hasn't abandoned them.  But if he doesn't defend against

15 the motions for summary judgment, then the estate is harmed by

16 that.

17 So the Defendants then could all pile on and file

18 motion after a motion seeking to dispose of this action.  Mr.

19 Garcia would be forced to either abandon the litigation

20 entirely, or defend against all of those actions, even though

21 he's been told he doesn't have the standing to pursue them.

22 THE COURT:  But isn't that exactly what he's trying to

23 agree to do in three weeks or so?

24 MS. OHM:  No, because at that point, the trustee will

25 have turned over its interest in favor of Mr. Garcia pursuing