**Fill in this information to identify the case:**

Debtor 1: 819D LLC

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: District of Columbia

Case number: 22-00101

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   Andrew Rubin
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**

   ☐ No
   ☑ Yes. From whom? Andrew Rubin

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**

   Andrew Rubin c/o Maurice VerStandig
   Name

   9812 Falls Road, #114-160
   Number     Street

   Potomac          MD          20854
   City             State       ZIP Code

   Contact phone (301)444-4600

   Contact email mac@mbvesq.com

   **Where should payments to the creditor be sent?** (if different)

   _____
   Name

   _____
   Number     Street

   _____
   City             State       ZIP Code

   Contact phone _____

   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/___
                                                                         MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410                          **Proof of Claim**                          page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**

   ☒ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $_____298,484.32__. **Does this amount include interest or other charges?**

   ☒ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Indemnification/Contribution Claims (see Attachment)

9. **Is all or part of the claim secured?**

   ☒ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $_____
   **Amount of the claim that is secured:** $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**

    ☒ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**

    ☒ No
    ☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01/17/2023
                  MM / DD / YYYY

　　　/s/ Maurice VerStandig
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Maurice VerStandig, Esq
       First name    Middle name    Last name

Title: Managing Member

Company: The VerStandig Law Firm, LLC
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 9812 Falls Road, #114-160
         Number    Street
         Potomac                           MD       20854
         City                              State    ZIP Code

Contact phone: (301) 444-4600           Email: mac@mbvesq.com

In Re 819D LLC

Bankruptcy Case Number: 2022-00101

Attachment 1 to Andrew Rubin's Proof of Claim

---

Andrew Rubin's claim against the Debtor, 819D LLC, arises out of his rights to indemnification and/or contribution from and against 819D LLC resulting from Andrew Rubin's appointment as President of the the Debtor. Mr. Rubin's good faith services as an officer resulted in him being named as a Co-Defendent with the Debtor. The claim results from or is related to this pending litigation by and between Karl Garcia and/or 819D LLC, Mr. Rubin and other parties.

The original claim for indemnity was made by Mr. Rubin to Mark Crawford, as attorney for 819D LLC, on August 13, 2020.

The final amount owed to Mr. Rubin is currently undetermined and unliquidated and will not be subject to determination until the conclusion of the litigation with Mr. Garcia. The current claim is based on the costs incurred prior to filling of Chapter 11 by the Debtor for which ndemnification and/or contribution are due from 819D LLC . Mr. Rubin reserves the right to amend his Proof of Claim upon the determination and liquidation of his claim(s) against 819D LLC.

Mr. Rubin's claims are asserted on his own behalf and on behalf of Canal View Holdings LLC , of which he is a Managing Member, which company is or was a Manager of The Rubin Group LLC, the Manager of TRG Development LLC, the Manager of 819D LLC.

In Re 819D LLC

Bankruptcy Case Number: 2022-00101

Attachment 2 to Andrew Rubin's Proof of Claim

_____


**Original Indemnity Claim made to 819D LLC**

# 819D LLC - Manage Indemnity

**Andrew Rubin** <astrubin@gmail.com>  Thu, Aug 13, 2020 at 11:54 AM
To: Mark Crawford <mcrawford@mdc-law.com>
Cc: Chris Glaser <CGlaser@jackscamp.com>

Mark,

Attached to this email is my current invoice for legal fees incurred by me, Andrew Rubin, as Manager of 819D LLC to defend against the litigation from Mr. Garcia. As per the operating agreement for 819D LLC, I, as manager, am entitled to reimbursement of reasonable legal fees for the defense:

Section 5.4 - Indemnification
  (a) The Company, its receiver, or its trustee (in the case of its receiver or trustee, to the extent of the Company's property) shall indemnify, save harmless, and pay all judgments and claims against the Manager relating to any liability or damage incurred by reason of any act performed or omitted to be performed by the Manager in connection with the Company's business, including all attorneys' fees incurred by the Manager in connection with the defense of any action based on any such act or omission, which attorneys' fees may be paid as incurred.
  (b) Unless otherwise provided in Section 5.4(c) hereof, in the event of any action by a Member against the Manager, including a Company derivative suit, the Company shall indemnify, save harmless, and pay all expenses of the Manager, including reasonable attorneys' fees incurred in the defense of such action.
  (c) Notwithstanding the provisions of Sections 5.4(a) and (b) above, such Sections shall be enforced only to the maximum extent permitted by law and the Manager shall not be indemnified from any liability for fraud, bad faith, willful misconduct or gross negligence; and any indemnification under such Sections shall be provided solely out of and to the extent of Company assets only (including insurance proceeds), and no Member shall have any personal liability on account thereof.

This email is a request from me, personally, for reimbursement of these legal fees.

Best Regards,
Andrew

Andrew Rubin
(301) 237-8211


Bill-191180.pdf
215K