**V I R G I N I A :**

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| KARL GARCIA,<br><br>       Plaintiff,<br><br>       v.<br><br>THE RUBIN GROUP, LLC, *et al.*,<br><br>       Defendants. | **Case No.: 2020-17040**<br>**Judge Carroll** |

---

## DEFENDANTS' DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, The Rubin Group LLC, 819 Capital LLC, K Street Holdings LLC, TR Holdings LLC, 2233-40th Partners LLC, South Glebe LLC, Woodmore Partners LLC, TRG Development LLC, 638 Newton Partners LLC, Michelle Tygier and Robert Rubin (collectively "Defendants"), submit this Demurrer to Plaintiff Karl Garcia's ("Mr. Garcia"), Second Amended Complaint. As grounds for this Demurrer, the moving Defendants state as follows:[1]

(1) Fraudulent and voluntary conveyances are actions that sound in tort. Under Virginia's *lex loci delicti* choice-of-law rule, the law of the place where the tort occurred controls. The Second Amended Complaint fails to state a claim because it does not allege that any of the Defendants committed a tortious act in the Commonwealth of Virginia. Absent such allegations, there is no basis for a suit under Virginia's fraudulent conveyance or voluntary conveyance statutes against any of the Defendants.

(2) Count II of the Second Amended Complaint fails to state a claim for which relief may be granted because Mr. Garcia has no standing as a "creditor" pursuant to the voluntary conveyance statute, as there is no existing indebtedness to him by the moving Defendants. *See* Va. Code 55.1-401; *see also Grayson v. Westwood Buildings L.P.,* 300 Va. 25, 859 S.E.2d 651, 666-67 (2021) (holding that a voluntary conveyance under the statute is "only void as to antecedent debts.") (internal citation omitted). An antecedent debt is a debt incurred before the relevant transfer; a debt is not incurred until the date the debtor is obligated to pay for the goods or services. *In re Lambert Oil Co., Inc.,* 347 B.R. 173, 180 (W.D. Va. 2006). Thus, Mr. Garcia needs a judgment to

---

[1] For avoidance of confusion, undersigned counsel represents only the defendants so defined in this demurrer. There are several other defendants who counsel does not represent.

establish an antecedent debt, not merely a naked claim.  Because he has no judgment, he fails to state a claim under Count II.

(3) Count I of the Second Amended Complaint fails to state a claim for which relief may be granted because (1) Mr. Garcia did not allege subsequent creditor status; and (2) Mr. Garcia did not allege that the "fraud was *contemplated and directed against him." Id.* (citing *Hutchison v. Kelly,* 40 Va. 123, 130 (1842) (stating that subsequent creditors can prevail only by showing [] a prospective fraud against them only.")).

(4) The Second Amended Complaint fails to state a claim for which relief may be granted as to each transfer plead to have occurred between April 2017 and July 2018, because Mr. Garcia did not provide legally adequate notice of his potential tort claim until July 13, 2018, at the earliest; and therefore, was not a creditor (of either class) of Defendants before that time.  *Luria v. Bd. of Directors of Westbriar Condo. Unit Owners Ass'n,* 277 Va. 359, 366, 672 S.E.2d 837, 840 (2009).  Defendants' demurrer should be sustained as to these claims.

(5) Count II of the Second Amended Complaint fails to state a claim for which relief may be granted because the test of a debtor's "insolven[cy]" is whether [debtor] has insufficient property to pay all his debts, "and not its ability to pay a potential judgment as a result of a creditor's claim."  *In re Meyer,* 244 F.3d at 352; *see also,* Code 1950, § 55–81; *Hudson v. Hudson,* 249 Va. 335, 455 S.E.2d 14 (1995).  Mr. Garcia alleges the incorrect standard twice in his 252 paragraph Second Amended Complaint and only against one moving Defendant, 819 Capital. ("The transfers left [] alter-egos 819 Capital insolvent ¶ 235; "819 Capital is without adequate funds and/or assets to satisfy the anticipated judgment(s) of Mr. Garcia."  ¶ 251.).  Mr. Garcia alleges the incorrect standard, and wholly fails to allege that the other moving Defendants were insolvent on any relevant date.

(6) The alter ego allegations in the Second Amended Complaint against Tygier, e.g., ¶¶ 2, 6,10, 234-35, are barred by *res judicata*. *Glasco v. Ballard*, 249 Va. 61, 64, 452 S.E.2d 854, 855–56 (1995).  The D.C. Superior Court dismissed alter ego claims against Tygier and Mr. Garcia did not appeal that dismissal.

(7) An *in personam* judgment in this case is not available unless and until Garcia prevails in the underlying arbitration in Washington, D.C., and then, only to the extent that he prevails.  *See* VA Code Ann. § 55.1-402 ("A creditor availing himself of this section shall have a **lien** from the time of bringing his action on all the estate, real and personal, and a petitioning creditor shall also be entitled to a lien from the time of filing his petition in the court in which the action is brought."); Va. Code Ann. § 55.1-404 ("The court may set aside a fraudulent conveyance or voluntary transfer pursuant to § 55.1-400 or 55.1-401 during an action brought by a creditor to **execute on a judgment**, either on motion of the creditor or on its own motion, provided that all parties who have an interest in the property subject to the conveyance or transfer are given notice of the proceeding.") (emphasis added); *see also Grayson v. Westwood Buildings L.P.*, 300 Va. 25, 859 S.E.2d 651, 670 (2021) (the trial court only entered *in*

*personam* judgments (which were reversed) after it entered judgments against seven defendants, finding each jointly and severally liable for transfers that it determined were fraudulent and voluntary."). Thus, the demurrer must be sustained to the extent it seeks *in personam* judgments against any Defendant. Alternately, the case should be stayed until Garcia receives (or does not receive) an award in the arbitration pending in the District of Colombia. Only then can the Court determine whether and to what extent an *in personam* judgment can be awarded.

(8) Even if Mr. Garcia could seek *in personam* judgment, the amount of such judgments are limited to the amonts received by each transferee. *Grayson v. Westwood Buildings L.P.*, 300 Va. 25, 859 S.E.2d 651, 666 (2021); *Mills v. Miller Harness Co.*, 229 Va. 155, 158, 326 S.E.2d 665 (1985); *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*, 294 Va. 243, 256-57, 805 S.E.2d 399 (2017); *Davis v. Bonney*, 89 Va. 755, 761, 17 S.E. 229, 231 (1893). Thus, a demurrer must be sustained to the extent the Second Amended Complaint seeks a judgment or lien in excess of the amount received by any Defendant.

(9) Mr. Garcia alleges that, as an owner of Unit 34, he is a member of The Sanctuary Condominium Unit Owners Association, and, therefore has "certain rights with regards to" the building's common elements. ¶ 28. However, according to the Virginia Condominium Act, only the "condominium unit owners' association has standing to sue for claims related to common elements and limited common elements." *Kuznicki v. Mason*, 273 Va. 166, 169, 639 S.E.2d 308, 308 (2007) (citing Code §§ 55–79.53(A) and –79.80(B)); *id.* at 176 ("standing to institute claims or actions concerning common elements, including limited common elements, is restricted to condominium unit owners' associations."). The D.C. Condominium Act and the Virginia Condominium Act are substantially similar. *Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1074 (D.C. 2008) ("The Council of the District of Columbia modeled the District's Condominium Act on the Virginia Condominium Act."). Under either Act, Mr. Garcia does not have standing to pursue any claims concerning the common elements.

(10) To the extent that Virginia fraudulent conveyance or voluntary transfer law permits a "creditor" who has not obtained a judgment establishing the debt to maintain an action, Virginia law is unconstitutional under the due process clauses of 14th and 5th Amendments to the United States Constitution, as well as the Constitution's takings clause, and contrary to centuries of common law traditions from which Virginia's statutes are derived.

**A rule of procedure which allowed any prowling creditor, before his claim was definitely established by judgment, and without reference to the character of his demand, to file a bill to discover assets, or to impeach transfers, or interfere with the business affairs of the alleged debtor, would manifestly be susceptible of the grossest abuse. A more powerful weapon of oppression could not be placed at the disposal of unscrupulous litigants.**

*Grupo Mexicano de Desarrolla S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330 (1999) (quoting Wait, *Fraudulent Conveyances* § 73, at 110–111) (Scalia, J.). "The requirement that the creditor obtain a prior judgment is a fundamental protection in debtor-creditor law." *Id.*

Dated: December 9, 2021

Respectfully submitted,

_____*/s/Laurin H. Mills*_____
Laurin H. Mills (VSB No. 79848)
Mansitan M. Sow (VSB No. 94590)
Samek, Werther & Mills LLC
2000 Duke Street, Suite 300
Alexandria, VA  22314
Telephone: (703) 547-4693
Facsimile: (703) 547-4694
Laurin@samek-law.com
Mansitan@samek-law.com

*Counsel for Defendants Michelle Tygier;*
*The Rubin Group LLC;*
*819 Capital LLC;*
*K Street Holdings LLC;*
*TR Holdings LLC;*
*2233-40th Partners LLC;*
*South Glebe LLC;*
*Woodmore LLC;*
*TRG Development LLC;*
*638 Newton Partners LLC; and*
*Robert Rubin*

## CERTIFICATE OF SERVICE

I certify that on December 9, 2021, I caused to be served, via electronic mail a copy of the foregoing on:

Bethany R. Benes
Bethune Benes, PLLC
4290 Chain Bridge Road, Suite 302
Fairfax, VA  22030
bbenes@bethunebenes.com
*Attorney for Karl Garcia*

Christopher A. Glaser
Jackson & Campbell, P.C.
2300 N Street, N.W., Suite 300
Washington, D.C. 20037-1194
(202) 457-1612
CGlaser@JacksCamp.com
*Attorney for Andrew Rubin*

Mark Crawford
Law Offices of Mark D. Crawford, PLLC
1005 North Glebe Rd, Suite 210
Arlington, VA 22201
mcrawford@mdc-law.com
*Attorney for 819D LLC*

            */s/Laurin H. Mills*
                Laurin H. Mills

| KARL GARCIA, | |
|---|---|
| Plaintiff, | |
| | Case No. 2020-17040 |
| v. | |
| THE RUBIN GROUP, LLC, *et al.* | |
| Defendants. | |

## DEMURRER

COMES NOW Defendant Andrew Rubin, by counsel, and presents this Demurrer as to the

Second Amended Complaint filed by Karl Garcia and, for the reasons more fully set forth in the

forthcoming Memorandum in Support of Demurrer to be filed two weeks prior to the hearing on

the present filing, states as follows:

### A.      Garcia Lacks Standing for Much of his Alleged Claims.

Karl Garcia lacks standing to pursue much of his alleged claims as same relate to

common elements and/or limited common elements of the condominium.  In both the District

of Columbia and the Commonwealth of Virginia, only condominium associations have standing

to assert claims relating to the common elements or the limited common elements of a

condominium.  Va. Code § 55.1-1915; D.C. Code § 42-1902.09; "[S]tanding to institute claims or

actions concerning common elements, including limited common elements, is restricted to

condominium unit owners' associations."  *Kuznicki v. Mason*, 273 Va. 166, 176, 639 S.E.2d 308,

312–13 (2007) (individual unit owner lacks standing to assert claim regarding limited common

element); *Malone v. Saxony Co-op. Apartments, Inc.*, 763 A.2d 725, 726 n.1 (D.C. 2000) (Unit

owner's "claim is for injuries sustained to the cooperative, and such a claim can only be brought in the form of an indirect derivative suit on behalf on the cooperative.")

Karl Garcia has no standing to assert claims relating to either common elements or limited common elements of the condominium. Any purported notification of claims made by Karl Garcia must be considered only to the extent that same relates to claims which may be asserted by Garcia. Each claim by Karl Garcia relating to common elements and/or limited common elements of the condominium should be dismissed.

**B.      Garcia Fails to Allege that 819D LLC was Insolvent on any Relevant Date.**

Karl Garcia alleges insolvency of 819D LLC—the only entity against which Karl Garcia has an underlying claim arising from the purported condominium defects— and others in only two paragraphs. In Paragraph 233 of the Second Amended Complaint, Karl Garcia alleges,

> 233. The transfers referenced above left Defendant 819D, and alter-egos 819 Capital and The Rubin Group, insolvent. The transactions were conducted to remove the funds from potential collection and to hinder, delay, and/or defraud the creditors of 819D, 819 Capital, The Rubin Group, A. Rubin, and/or Tygier.

In Paragraph 249 of the Second Amended Complaint, Karl Garcia alleges,

> 249. The Defendants' transfers from April 2017 to the present resulted in the insolvency of each of the Defendants. More specifically, Defendants 819D, The Rubin Group, A. Rubin, Tygier, and 819 Capital are each without adequate funds and/or assets to satisfy the anticipated judgment(s) of Mr. Garcia.

Contrary to Karl Garcia's allegations, the relevant test for insolvency is not whether the entities presently have funds to satisfy an anticipated judgement but, instead, Karl Garcia is required to allege, and then establish, that the amount of the entities' liabilities on the date of the purported transfers exceeded the amount of its assets on the same date. *Hudson v. Hudson*, 249 Va. 335, 341, 455 S.E.2d 14, 17 (1995). Karl Garcia alleges the incorrect standard and fails to

allege that any entity which transferred funds to Andrew Rubin, was insolvent on any relevant date. Karl Garcia's claim of a violation of Va. Code § 55.1-401 alleging insolvency should be dismissed.

C. **The Claims against Andrew Rubin, if any, Must be Limited to the Funds Actually Received by Him.**

Karl Garcia demands an *in personam* judgment against Andrew Rubin in the amount of $6,106,544.60 but fails to allege this amount was ever transferred to Andrew Rubin or that his underlying claim rises to this amount. In the event that this Court permits an *in personam* judgment to be taken against Andrew Rubin as the transferee of funds originating from 819D LLC, pursuant to Va. Code § 55.1-400 and § 55.1-401 such judgment merely "unwinds the transfer of the cash in the grantee's pockets; it does not impose liability upon the grantee by virtue of his participation in the transaction." *Grayson v. Westwood Buildings L.P.*, 300 Va. 25, 859 S.E.2d 651, 666 (2021). No judgment, designed to unwind a transaction, can be issued in excess of the amounts actually transferred in such transaction. Karl Garcia's claims in excess of the amounts actually received by Andrew Rubin should be dismissed.

D. **The Claims against Andrew Rubin, if any, do Not Arise out of Virginia Law and any Virginia Law-Based Claims Should be Dismissed.**

Karl Garcia's claims arise, it at all, by virtue of the sale and purchase of a condominium in the District of Columbia, which is governed by the law of the District of Columbia. Karl Garcia's tort-based claims alleged in the present action—both Counts I and II—are governed by the law of the place where the tort occurred pursuant to Virginia's *lex loci delicti* choice-of-law rules. The Second Amended Complaint fails to state a claim against Andrew Rubin in that it does not allege that any of the purportedly tortious transfers directly to, or in the line of transfers leading to,

3

Andrew Rubin were committed in the Commonwealth of Virginia.  The torts of fraudulent transfer and voluntary transfer occurred, if at all, outside of the Commonwealth of Virginia. Absent sufficient and proper allegations by Karl Garcia that the two Virginia statutes are triggered, there is no basis for a suit under Virginia's fraudulent conveyance or voluntary conveyance statutes against Andrew Rubin.  The Second Amended Complaint, as to Andrew Ruin, should be dismissed.

E.     **In the Event that Karl Garcia has Alleged a Claim Against Andrew Rubin Pursuant to the Virginia Voluntary Conveyance and Fraudulent Conveyance Statutes, Which He Has Not, Such Statutes are Unconstitutional.**

In the event that Karl Garcia has alleged a claim against Andrew Rubin which is permitted to proceed notwithstanding that no underlying judgment has been obtained which could give rise to Karl Garcia's present claims, Andrew Rubin is being deprived of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 11 the Constitution of Virginia.  *Grupo Mexicano de Desarrolla S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330 (1999)("The requirement that the creditor obtain a prior judgment is a fundamental protection in debtor-creditor law....")

> A rule of procedure which allowed any prowling creditor, before his claim was definitely established by judgment, and without reference to the character of his demand, to file a bill to discover assets, or to impeach transfers, or interfere with the business affairs of the alleged debtor, would manifestly be susceptible of the grossest abuse. A more powerful weapon of oppression could not be placed at the disposal of unscrupulous litigants.

*Id.*

The Claims against Andrew Rubin should be dismissed.

4

WHEREFORE, Andrew Rubin respectfully requests this Honorable Court sustain his Demurrer as to the Second Amended Complaint and to dismiss this present action as to him with prejudice together with any further relief deemed just and proper.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

Christopher A. Glaser (VSB No. 43491)
2300 N Street, N.W.
Suite 300
Washington, DC 20037
Telephone: (202) 457-1600
Facsimile:  (202) 457-1678
Email: cglaser@jackscamp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2021, a copy of the foregoing was served

via electronic mail on:

Laurin H. Mills, Esq.
Samek Werther Mills LLC
717 King St., Suite 300
Alexandria, VA 22314
laurin@samek-law.com

Bethany Benes, Esq.
Bethune Benes, PLLC
4290 Chain Bridge Road, Suite 302
Fairfax, Virginia 22030
bbenes@bethunebenes.com

Mark Crawford
Law Offices of Mark D. Crawford, PLLC
1005 North Glebe Rd, Suite 210
Arlington, VA 22201
(703) 527-5201
mcrawford@mdc-law.com

_____
Christopher A. Glaser

5125705v.1

**VIRGINIA:**     **IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

KARL GARCIA
_____
Plaintiff
vs.

**Civil Action No.**   CL 2020 17040 _____

THE RUBIN GROUP, LLC, et al.
_____

**Previous Chancery No.**   CH _____

Defendant

**SERVE:**

## FRIDAY MOTIONS DAY – PRAECIPE/NOTICE

**Moving Party:**   ☐ Plaintiff   ☑ Defendant   ☐ Other

**Title of Motion:** Defendant's Memorandum in Support of Motion to Dismiss   ☑ Attached   ☐ Previously Filed

**DATE TO BE HEARD:** April 29, 2022 at 10:00 am   **Time Estimate** (combined no more than 30 minutes): 30 Minutes

**Time to be Heard:**   ☐ 9:00 a.m. **with** a Judge

         ☐ 10:00 a.m. (Civil Action Cases) Does this motion require 2 weeks notice?   ☐ Yes   ☐ No

         ☐ 11:30 a.m. (DOMESTIC/Family Law Cases) Does this motion require 2 weeks notice?   ☐ Yes   ☐ No

**Case continued from:** _____ **continued to:** _____
(Date)                                   (Date)

**Judge** **Grace Burke Carroll** _____ **must** hear this motion because (check one reason below):

☐ The matter is on the docket for presentation of an order reflecting a specific ruling previously made by that Judge.
☑ This Judge has been assigned to this entire case by the Chief Judge; or,
☐ The Judge has advised counsel that all future motions, or this specific motion, should be placed on this Judge's Docket; or,
☐ This matter concerns a demurrer filed in a case where that Judge previously granted a demurrer in favor of demurrant.

**PRAECIPE by:** Chistopher A. Glaser _____      Jackson & Campbell, P.C. _____
Printed Attorney Name/ Moving Party Name                           Firm Name

2300 N Street, NW, Suite 300, Washington, DC 20037 _____
Address

| 202-457-1600 | 202-457-1678 | 43491 | cglaser@jackscamp.com |
|---|---|---|---|
| Tel. No. | Fax No. | VSB No. | E-Mail Address |

**CERTIFICATIONS**

I certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the subject of the motion without Court action, pursuant to Rule 4:15(b) of the Rules of the Supreme Court of Virginia; and, I have read, and complied with, each of the Instructions for Moving Party on the reverse side of this form.

_____
Moving Party/Counsel of Record

**CERTIFICATE OF SERVICE**

I certify on the 13th day of April _____, 2022 _____, a true copy of the foregoing Praecipe was

☑ mailed   ☐ faxed   ☑ delivered to all counsel of record pursuant to the provisions of Rule 4:15(e) of the Rules of the Supreme Court of Virginia.

_____
Moving Party/Counsel of Record

# INSTRUCTIONS FOR MOVING PARTY

**DATE/TIME**: All motions should be noticed for the 10:00 a.m. Civil Action Docket or the 11:30 a.m. Domestic/Family Law Docket (All Divorce cases, adoptions and Juvenile & Domestic Relations Court Appeals) unless the moving party believes the motion will be uncontested. All motions believed to be uncontested should be noticed for 9:00 a.m.. **A minimum of two weeks' notice is required for all motions for Summary Judgment, Demurrers, Pleas in Bar, motions pertaining to discovery disputes and other motions for which any party desires to file a memorandum.** A memorandum of points and authorities of five pages or less must accompany any of these pleadings and any other motion placed on the Two-Week Docket. If either party believes it necessary to file a memorandum exceeding five double-spaced pages, then the parties must utilize the Briefing Schedule procedure: contact opposing counsel or the opposing party and by agreement conduct a telephone conference call with the Calendar Control Judge, (703) 246-2221; or, if agreement is not possible, give advance notice of an appearance before the Calendar Control Judge to establish a Briefing Schedule.

**Each side should bring a draft proposed order to Court on the day of the hearing, as the ruling must be reduced to an order that day, absent leave of Court.** Cases may only be removed from the docket by the Court or by counsel for the moving party or the moving party. One Week Motions may be removed from the docket up until 4:00 p.m. on the Thursday preceding the hearing date, by contacting the Motions Clerk: (703) 246-4355. Two Week Motions may not be continued or removed from the docket after 4:00 p.m. on the Friday preceding the hearing date, without leave granted by the Judge assigned to hear the motion, for good cause shown.

If a hearing on any motion must take longer than thirty (30) minutes, the moving and responding parties, or their counsel, should appear before the Calendar Control Judge to request a hearing for a day other than a Friday. See, "Motions Requiring More than 30 Minutes" in "Friday Motions Docket Procedures" on the Court's website at https://www.fairfaxcounty.gov/circuit/sites/circuit/files/assets/documents/pdf/civil-friday-motions-docket-procedures.pdf

**MOTIONS TO RECONSIDER:** Do not set a Motion to Reconsider for a hearing. (See Friday Motions Docket Procedures, available from the Clerk's Office, the Bar Association office or on the Court's website at the address above.

**CERTIFICATIONS OF MOVING PARTY/COUNSEL**: Rule 4:15 (b) of the Rules of the Supreme Court of Virginia provides in pertinent part that "Absent leave of court, and except as provided in paragraph (c) of this Rule, reasonable notice shall be in writing and served at least seven days before the hearing. Counsel of record shall make a reasonable effort to confer before giving notice of a motion to resolve the subject of the motion **and to determine a mutually agreeable hearing date and time.**"

**CERTIFICATE OF SERVICE:** Pursuant to Rule 4:15 (e), a motions pleading shall be deemed served when it is actually received by, or in the office of, counsel of record through delivery, mailing, or facsimile transmission; not when it is mailed or sent.

# INFORMATION FOR MOVING PARTY

**CONCILIATION PROGRAM:** The Fairfax Circuit Court strongly encourages use of conciliation procedures to resolve motions. The Fairfax Bar Association's Conciliation Program conducts conciliation without charge by experienced litigators, who meet in person or by telephone with all interested parties. To request conciliation, fax a Request for Conciliation form to the Fax Hotline, (703) 273-1274; e-mail a request for conciliation to: ffxconciliation@aol.com; or leave a voice mail message at (703) 627-1228. You will be contacted before the hearing date by a representative of the Conciliation Program.

IN THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

KARL GARCIA,

     Plaintiff,

v.

Case No. 2020-17040

THE RUBIN GROUP, LLC, *et al.*

     Defendants.

## CANAL VIEW HOLDINGS LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Canal View Holdings LLC ("**CVH**"), by counsel, and presents this memorandum in Support of its Motion to Dismiss the Third Amended Complaint filed by Karl Garcia ("**Mr. Garcia**") and states as follows:

### Introduction

This case arises from the sale of a District of Columbia condominium developed by defendant 819D LLC ("**819D**") and sold to Mr. Garcia. In the action before this Court, Mr. Garcia alleges two causes of action against CVH: (1) Fraudulent Conveyance pursuant to Va. Code § 55.1-400 (Count I); and, (2) Voluntary Conveyance pursuant to Va. Code § 55.1-401, each purportedly in regard to transfers which purportedly originated from 819D following Mr. Garcia's purchase.

CVH is a District of Columbia limited liability company. (Third Amended Complaint, ¶ 15.) Mr. Garcia does not allege—nor could he allege—that CVH engaged in any particular specific conduct that occurred within the Commonwealth of Virginia. Vague reference to events which occurred, if at all, outside of the Commonwealth do not suffice. Mr. Garcia fails to allege any act or omission within the Commonwealth as to CVH. CVH has not consented to jurisdiction and this action should be dismissed as against it.

1

## I.     This Court lacks Personal Jurisdiction over CVH.

While the determination of whether personal jurisdiction exists over a nonresident

defendant is a two-step inquiry, *Bergaust v. Flaherty,* 57 Va.App. 423, 436 (2011), Virginia's

long-arm statute asserts jurisdiction to the extent permissible under the Due Process clause. *John

G. Kolbe, Inc. v. Chromodern Chair Co.,* 211 Va. 736, 740 (1971). This Court may exercise

personal jurisdiction over a person transacting business in this Commonwealth if such

jurisdiction is permitted by the Fourteenth Amendment. Va. Code § 8.01-328.1(A)(1).

The Due Process clause of the Fourteenth Amendment limits the Commonwealth's power

to exercise personal jurisdiction over a nonresident. *Helicopteros Nacionales de Colombia, S.A.

v. Hall,* 466 U.S. 408, 413–14 (1984) (Courtesy copy attached as **Exhibit 1.**). A state may

exercise personal jurisdiction only if doing so would not offend "traditional notions of fair play

and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (Courtesy copy

attached as **Exhibit 2.**). The Due Process clause is not offended when a nonresident has certain

"minimum contacts" with the forum state and the cause of action arises out of those

contacts. *Id.* Unilateral activity by a person related to the defendant is not enough. *Hanson v.

Denckla,* 357 U.S. 235, 253 (1958) (Courtesy copy attached as **Exhibit 3.**). Rather, the defendant

himself must have "purposefully availed" himself of the laws of the forum state such that he

could "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v.

Woodson,* 444 U.S. 286, 297 (1980) (Courtesy copy attached as **Exhibit 4.**).

In addition to transacting business in the Commonwealth, Va. Code § 8.01-328.1(A)

permits personal jurisdiction arising from an entity's:

> 3. Causing tortious injury by an act or omission in this Commonwealth; [or]
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this
> Commonwealth if he regularly does or solicits business, or engages in any other

2

persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;

Va. Code § 8.01-328.1; *Mercer v. MacKinnon*, 297 Va. 157, 162 (2019) (recognizing definition of "persistent" as "existing for a long or longer than usual time or continuously: enduring, lingering.").

In order to obtain personal jurisdiction over a nonresident the plaintiff must allege, at a minimum, a connection to Virginia that is recognized by Virginia's long-arm statute. *Price v. Price,* 17 Va.App. 105, 113 (1993); *Cabaniss v. Cabaniss*, 46 Va.App. 595, 601 (2005). Ultimately, the burden of proving jurisdictional facts rests upon the plaintiff. *Haynes v. James H. Carr, Inc.*, 427 F.2d 700, 704 (4th Cir. 1970) (Courtesy copy attached as **Exhibit 5**.).

"It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182 (1936) (Courtesy copy attached as **Exhibit 6**.) "A plaintiff needs to establish a *prima facie* case of personal jurisdiction to survive a motion to dismiss." *Re Volkswagen "Clean Diesel" Litigation*, 2018 WL 9393018, at *2 (Fairfax, 2018) (Courtesy copy attached as **Exhibit 7**.).

In the Commonwealth, it is "well settled that mere emails and telephone calls directed at Virginia do not amount to transacting business in Virginia." *Nathan v. Takeda Pharmaceuticals America Inc.*, 83 Va.Cir. 216 (Fairfax, 2011) (Plaintiff failed to allege sufficient facts to establish that defendants transacted business in Virginia.) (Courtesy copy attached as **Exhibit 8**.); *Unidyne Corp. v. Aerolineas Argentinas,* 590 F.Supp. 391, 396 (E.D.Va. 1984) (telephone calls, telex messages and letters are an insufficient basis for *in personam* jurisdiction) (Courtesy copy attached as **Exhibit 9**.); *Williams Crane & Rigging, Inc. v. B & L Systems, Ltd.,* 466 F.Supp. 956,

957 (E.D.Va. 1979) (holding that a single phone call and letter to forum did not warrant personal jurisdiction) (Courtesy copy attached as **Exhibit 10**.).

Mr. Garcia contends—without any factual predicate being alleged—that,

Canal View is a limited liability company registered in the District of Columbia. Canal View regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, Canal View has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor. As will be discussed in further detail below, Canal View is the alter ego or business conduit of A. Rubin.

(Third Amended Complaint, ¶ 15.)

Mr. Garcia is not a resident of the Commonwealth and there are no acts alleged to have occurred in the Commonwealth. Additionally, Mr. Garcia does not allege any goods were used or consumed or services rendered by CVH in the Commonwealth. Instead, Mr. Garcia simply avers that, without any factual predicate, "Canal View has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor." (Third Amended Complaint, ¶ 15.) However, Mr. Garcia fails to allege *any* act constituting "transacting any business" in Virginia pursuant to Va. Code § 8.01-328.1(A)(1). Mr. Garcia alleges no Virginia business conducted by CVH and no tort by CVH committed in Virginia. See e.g., *Terry v. June*, 420 F.Supp.2d 493, 505 (W.D.Va. 2006)("Because the Court finds that the last act of a fraudulent conveyance by check payment occurs when the drawee bank honors the check, the *lex loci delicti* for choice of law purposes will be the location of the drawee bank.") (Courtesy copy attached as **Exhibit 11**.).

There are no jurisdictional facts alleged against CVH. While Mr. Garcia bears the burden of proving jurisdictional facts, he simply fails to even allege any as against CVH. Mr. Garcia has

4

been litigating this action since October 30, 2020 and has had more than adequate time to discover—and allege—some jurisdictional nexus with the Commonwealth. As he has failed to do so, the Third Amended Complaint should be dismissed as against CVH.

WHEREFORE, Canal View Holdings LLC respectfully requests this Honorable Court grant its Motion to Dismiss and to dismiss this present action as to it, together with any further relief deemed just and proper.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

Christopher A. Glaser (VSB No. 43491)
2300 N Street, N.W.
Suite 300
Washington, DC 20037
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
Email: cglaser@jackscamp.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2022, a copy of the foregoing was served via electronic mail on:

Laurin H. Mills, Esq.
Samek Werther Mills LLC
2000 Duke St., Suite 300
Alexandria, VA 22314
laurin@samek-law.com

Mark Crawford, Esq.
Law Offices of Mark D. Crawford, PLLC
1005 North Glebe Rd, Suite 210
Arlington, VA 22201
mcrawford@mdc-law.com

Bethany Benes, Esq.
Bethune Benes, PLLC
4290 Chain Bridge Road, Suite 302
Fairfax, Virginia 22030
bbenes@bethunebenes.com

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

James P. Miller, Esq.
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Jim.Miller@ofplaw.com

John A. C. Keith, Esq.
Blankingship & Keith, PC
4020 University Drive, Suite 300
Fairfax, VA 22030
jkeith@bklawva.com

I hereby further certify that on this 13th day of April, 2022, a copy of the foregoing was served via first class mail on:

Christos Economakis
5058 Joewood Drive
Sanibel, FL 33957

Liliana Economakis
5058 Joewood Drive
Sanibel, FL 33957

Christopher A. Glaser

6

VIRGINIA

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

KARL GARCIA )
*Plaintiff,* )
)
v. )    **Case No. CL-2020-17040**
)
THE RUBIN GROUP LLC, *et al.* )
*Defendants.* )

### ORDER

THIS MATTER came before the Court upon the Demurrers to the Third Amended

Complaint filed by Defendants Andrew Rubin, 819D LLC, The Rubin Group LLC, Michelle

Tygier, Robert Rubin, 638 Newton LLC, Woodmore LLC, South Glebe LLC, TR Holdings

LLC, 819 Capital LLC, 2233-40th Partners LLC, and K Street Holdings LLC (collectively, the

"**Defendants**"), the Opposition thereto filed by Plaintiff Karl Garcia; the Motion for Leave

Pursuant to Rule 4:11(e) filed by Plaintiff (the "**Motion**"), the Oppositions thereto filed by the

Defendants, and the oral argument of counsel for Plaintiff and the Defendants on April 21,

2022;

IT IS HEREBY ORDERED that the Demurrers are OVERRULED;

IT IS HEREBY FURTHER ORDERED that the Motion is GRANTED. Plaintiff is

granted leave to propound Requests for Admission relating to the transfers alleged in

Paragraphs 48 through 233 of the Third Amended Complaint. Plaintiff shall limit the Requests

to the parties alleged to have been involved in the specific transfers at issue.

THIS MATTER CONTINUES.

ENTERED THIS 21 DAY OF APRIL 2022.

Hon. Grace B. Carroll

SEEN AND AGREED:

_[signature]_
_____
Bethany R. Benes (Va. Bar No. 85408)
**Bethune Benes, PLLC**
4290 Chain Bridge Road, Suite 302
Fairfax, Virginia 22030
Tel.: (703) 260-9322
bbenes@bethunebenes.com
_Counsel for Plaintiff_


SEEN AND Objected to for the reasons set forth in the Memorandum in Support of Demurrer and the Memorandum in Opposition to the Motion for Leave and as argued in Open Court:


/s/ Laurin Mills
_____
Laurin H. Mills, Esq.
Samek Werther Mills LLC
laurin@samek-law.com
_Counsel for 11 Defendants_


SEEN AND Objected to for the reasons set forth in the Memorandum in Support of Demurrer and the Memorandum in Opposition to the Motion for Leave and as argued in Open Court:


/s/ Mark Crawford
_____
Mark Crawford, Esq.
Law Offices of
Mark D. Crawford, PLLC
mcrawford@mdc-law.com
_Counsel for 819D LLC_


SEEN AND Objected to for the reasons set forth in the Memorandum in Support of Demurrer and the Memorandum in Opposition to the Motion for Leave and as argued in Open Court:


/s/ Christopher Glaser
_____
Christopher A. Glaser, Esq.
Jackson & Campbell, PC
cglaser@jackscamp.com
_Counsel for Canal View Holdings LLC
and Andrew Rubin_

SEEN:

/s/ John Keith
_____
John A.C. Keith, Esq.
jkeith@blkawva.com
*Counsel for Jeffrey Houle*

SEEN:

/s/ Alexander Laughlin
_____
Alexander Laughlin, Esq.
Alex.laughlin@ofplaw.com
*Counsel for Gregory Auger II and
Gregory Auger III*

SEEN:

_____
Douglas McKinley, Esq.
demckinley@verizon.net
*Counsel for Thomas Madison*

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

**KARL GARCIA,**

Plaintiff,

v.

**THE RUBIN GROUP, LLC,** *et al.*

Defendants.

Case No. 2020-17040

### ORDER

THIS MATTER came before the Court upon the Motion to Dismiss of Canal View Holdings LLC, together with the Opposition thereto of Plaintiff Karl Garcia, and oral arguments of counsel on April 29, 2022 and it is hereby,

ORDERED that the Motion to Dismiss is hereby _Denied_ ;

and, it is further

ORDERED that _____

ENTERED THIS 29th DAY OF April, 2022.

Hon. Grace Burke Carroll

1

SEEN AND *Objected to for the reasons set forth in the motion and at oral argument.*

Christopher A. Glaser, Esq. (Va. Bar No. 43491)
Jackson & Campbell, PC
2300 N Street, N.W., Suite 300
Washington, DC 20037
Tel: 202-457-1600
cglaser@jackscamp.com

SEEN AND *Agreed*

Bethany R. Benes (Va. Bar No. 85408)
Bethune Benes, PLLC
4290 Chain Bridge Road, Suite 302
Fairfax, Virginia 22030
Tel.: (703) 260-9322
bbenes@bethunebenes.com

SEEN AND **Endorsement Waived**
           **Per Rule 1:13**


Laurin H. Mills, Esq. (Va. Bar No.79848)
Samek Werther Mills LLC
2000 Duke Street, Suite 300
Alexandria, VA 22314
Tel.: 703-547-4693
laurin@samek-law.com

SEEN AND ~~Endorsement Waived~~
           ~~Per Rule 1:13~~


Mark Crawford, Esq. (Va. Bar No. 36153)
Law Offices of Mark D. Crawford, PLLC
1005 North Glebe Road, Suite 210
Arlington, Virginia 22201
Tel: 202-256-1244
mcrawford@mdc-law.com

2

SEEN AND Endorsement Waived
Per Rule 1:13

_____

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

SEEN AND _____
Endorsement Waived
Per Rule 1:13

_____

John A. C. Keith, Esq.
Blankingship & Keith, PC
4020 University Drive, Suite 300
Fairfax, VA 22030
. jkeith@bklawva.com

SEEN AND _____

_____

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

SEEN AND _____
Endorsement Waived
Per Rule 1:13

_____

James P. Miller, Esq.
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Jim.Miller@ofplaw.com

3